UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE OLIVAREZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-77 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the Ellis Unit in Hunstville, Texas. Pending is his second federal habeas petition challenging his 2000 Nueces County convictions for indecency with a child. For the reasons stated below, the undersigned respectfully **RECOMMENDS** this case be **DISMISSED** as second or successive and a Certificate of Appealability ("COA") be **DENIED**.

**I.    JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction is proper in this Court because Petitioner was convicted in Nueces County, Texas, which is within the Southern District of Texas. 28 U.S.C. § 124(b)(6); 28 U.S.C. § 2241(d); *Wadsworth*,

235 F.3d at 961.  This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

## II.   BACKGROUND

Petitioner filed his first unsuccessful federal habeas petition in 2008 challenging the same convictions as his present petition.  *Olivarez v. Quarterman*, No. 2:08-cv-62 (S.D. Tex. July 30, 2008) (Final Judgment and Order Adopting Memorandum and Recommendation ("M & R"), dismissing case as time barred).  The M & R filed in Petitioner's first case contains a recitation of the procedural history of Petitioner's underlying conviction.  *Olivarez*, No. 2:08-cv-62 at D.E. 13.  In short, Petitioner pled guilty to two counts of indecency with a child and was sentenced to concurrent 25-year terms of imprisonment, with a sentencing enhancement due to a prior conviction for the same offense.  *Id*. at Page 2.

Petitioner's first federal habeas petition was denied as time barred.  *Id*. at D.E. 18 and D.E. 19.  Petitioner appealed and the United States Court of Appeals for the Fifth Circuit denied his motion for a COA.  *Id*. at D.E. 28.  Over a decade later, Petitioner filed the pending second federal habeas petition.  (D.E. 1).

## III.   DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in federal district courts authorizes a habeas corpus petition to be summarily dismissed when it appears the petition is not entitled to relief.  The Fifth Circuit recognized a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.  *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (The

Court has a duty to screen out frivolous habeas applications eliminating respondent's burden to file an unnecessary answer). From the face of the instant petition and court records, it is apparent this is a second or successive petition. *See* 28 U.S.C. § 2244(b)(2) (requiring dismissal of a second or successive petition filed by a state prisoner pursuant to 28 U.S.C. § 2254).

A claim presented in a second or successive application that was not presented in a prior application must be dismissed unless: (1) the applicant shows the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (2) the factual predicate for the claim could not have been discovery previously through the exercise of due diligence, and but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2). Further, before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

This Court has already determined that Petitioner's previous 2008 federal habeas application was time barred and the Fifth Circuit has previously denied a COA.[1] Further, Petitioner cites to no new precedent in support of his claim nor has he obtained permission to file a successive petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244 (b)(3)(A); *Hernandez v. Thaler*, 630 F.3d 420, 427 (5th Cir. 2011) (when a "filing is construed as a second or successive habeas petition, then it must be

---

[1] Petitioner fails to address the timeliness of his pending petition, leaving his response to why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his petition blank. (D.E. 1, Page 9). Accordingly, this petition, even if not second or successive, is also time barred.

dismissed); *Leal Garcia v. Quaterman*, 573 F.3d 214, 219 (5th Cir. 2009) ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition.") Further, the allegations raised in Petitioner's latest petition could have been raised in his prior complaint. *Leal*, 573 F.3d at 219 (Second or successive petitions include a petition raising a claim "that was or could have been raised in an earlier petition").

Because Petitioner has presented neither argument nor evidence indicating he will be able to make a *prima facie* showing his application satisfies the statute,[2] dismissal without prejudice would be more efficient and would better serve the interests of justice than a transfer to the Fifth Circuit, which has previously denied Petitioner's motion for a COA. Therefore, it is respectfully recommended that this case be **DISMISSED**.

### IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine

---

[2] Petitioner will have to demonstrate to the Fifth Circuit that his claim meets the requirements set forth in 28 U.S.C. § 2244(b)(2) as stated above.

whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that the Court find his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or the finding that the petition is second or successive is debatable. If the District Judge orders Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended the Court find a COA be denied because he has not made the necessary showing for issuance.

## V. RECOMMENDATION

For the reasons discussed above, it is respectfully **RECOMMENDED** this case be **DISMISSED** as second or successive. Should Petitioner seek a COA, it is further **RECOMMENDED** it be **DENIED**.

Respectfully submitted this 17th day of May, 2021.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).