Case 2:21-cv-00077   Document 16   Filed on 10/13/21 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 13, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GEORGE OLIVAREZ,<br><br>    Petitioner,<br>VS.<br><br>BOBBY LUMPKIN,<br><br>    Respondent. | §<br>§<br>§<br>§   CIVIL ACTION NO. 2:21-CV-77<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
TO DISMISS HABEAS PETITION AS SECOND OR SUCCESSIVE AND
<u>TO DENY CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court are Magistrate Judge Jason Libby's Memorandum and Recommendation (M&R) and Petitioner Olivarez's objections. D.E. 7; D.E. 12. The M&R recommends that the Court dismiss without prejudice Olivarez's habeas corpus petition (D.E. 1) because it is barred as second or successive. 28 U.S.C. § 2244; D.E. 7, p. 1. The M&R also recommends that the Court deny Olivarez a certificate of appealability (COA). D.E. 7, pp. 4–5; *see* 28 U.S.C. § 2253(c).

**STANDARD OF REVIEW**

The district court conducts a de novo review of any part of the magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

**Ineffective Assistance of Counsel**. Olivarez presents six numbered contentions related to his allegations of ineffective assistance of counsel. D.E. 12, pp. 5–7. In doing so, he does not identify a clear error in the Magistrate Judge's analysis leading to the recommendation that the petition be denied. Consequently, the contentions are not objections as required by Federal Rule of Civil Procedure 72(b)(2) or 28 U.S.C. § 636(b)(1)(C).

The purpose for objections to an M&R is for the petitioner to demonstrate how the magistrate judge erred. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Objections are not proper if they merely repeat arguments to which the magistrate judge has already responded. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (holding that right to de novo review is not invoked when a petitioner merely reurges arguments contained in the original petition). To the extent Olivarez sought to have his complaints numbered one through six treated as objections, they do not address the Magistrate Judge's findings and recommendations. Therefore, they are **OVERRULED**.

**Second or Successive Application.** The basis for the M&R's recommended disposition of this case was set out in the following correct statement of the law pertaining to prisoners who bring multiple habeas petitions:

> A claim presented in a second or successive application that was not presented in a prior application must be dismissed unless: (1) the applicant shows the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (2) the factual predicate for the claim could not have been discovery [sic] previously through the exercise

>of due diligence, and but for the constitutional error, no reasonable fact finder would have found the applicant guilty.

D.E. 7, p. 3 (citing 28 U.S.C. § 2244(b)(2)). Further, if a federal appellate court does not authorize a district court to review a second or successive petition for relief, "the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." D.E. 7, p. 3 (quoting *Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009)).

The M&R finds that Olivarez's petition is second or successive and that the specific complaints contained in the petition do not trigger either of the two exceptions set out above. In his objections, Olivarez does not challenge those findings or conclusions. D.E. 12. Instead, he offers two arguments attempting to circumvent the second-or-successive ruling: actual innocence and that his petition is not an abuse of the writ. D.E. 12, pp. 7–8.

**Actual Innocence.** It is true that a showing of actual innocence can overcome a procedural bar to review. 28 U.S.C. § 2244(b)(2)(B); *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). However, the requirements for a showing of actual innocence are high. "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits . . . notwithstanding the existence of a procedural bar to relief." *Id.* at 392. But "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, *in light of the new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (emphasis added) (quoting *Schlup v.*

*Delo*, 513 U.S. 298, 329 (1995)). Evidence does not qualify as "new" under the actual-innocence standard if "it was always within the reach of [petitioner's] personal knowledge or reasonable investigation." *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018).

Olivarez does not meet this standard because he does not offer any new clear and convincing evidence to support his claim of innocence. D.E. 12, pp. 7–8; 28 U.S.C. § 2244(b)(2)(B). In his objections, Olivarez only presents information that was available to him at trial (e.g., Olivarez claims that witnesses available at trial would have provided him with an alibi). D.E. 12, pp. 5–6. The *McQuiggin* Court found similarly "substantially available" evidence inadequate to meet the actual innocence standard. 569 U.S. at 400.

The Court **OVERRULES** Olivarez's objection based on his actual innocence claims.

**Abuse of the Writ**. While not entirely clear, reading his objections liberally, Olivarez seems to recite that the second-or-successive rule was intended to prevent abuse of the writ of habeas corpus and that this purpose is not served by barring his petition. D.E. 12, p. 8. While abuse of the petition may have been the impetus for creating the second-or-successive rule, the parameters of the rule do not require a showing of abuse. *McQuiggin*, 569 U.S. at 392–98 (describing the history and contours of § 2244(b)); *In re Davis*, 121 F.3d 952, 956 (5th Cir. 1997). Instead, it requires only that the petitioner have had an opportunity to bring his claims in a prior writ. 28 U.S.C. § 2244(b). The Court **OVERRULES** Olivarez's objection based on his argument that he did not abuse the writ.

**Certificate of Appealability.** Olivarez merely restates his request for a COA. He does not challenge the Magistrate Judge's recommendation that the Court deny a COA. D.E. 12, p. 8. As the M&R states, when a court rejects claims "solely on procedural grounds, the Petitioner must show both that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" D.E. 7, p. 5 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added)). The Court agrees with the Magistrate Judge that Olivarez failed to show the procedure prong of the *Slack* test—he failed to show that reasonable jurists would find "it debatable . . . whether [the court] was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Accordingly, the Court **DENIES** a COA.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the M&R, as well as Olivarez's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which objections were specifically directed, the Court **OVERRULES** Olivarez's objections and **ADOPTS** the findings and conclusions of the Magistrate Judge. Accordingly, Olivarez's Petition for a Writ of Habeas Corpus is **DISMISSED** without prejudice as second or successive. D.E. 1. The request for a COA is **DENIED**.

ORDERED this 13th day of October, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE